IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. BLINCOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0427-L |
| | § | |
| F. EARL BLINCOE AND HELEN BLINCOE FAMILY, L.P., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Remand, filed April 1, 2005. After careful consideration of the motion, response, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.[1] Also before the court is Defendant's Suggestion of Bankruptcy, filed May 18, 2005. Having received notice from Defendant's counsel on July 27, 2005 that Defendant's Suggestion of Bankruptcy is now moot, the court **denies as moot** Defendant's Suggestion of Bankruptcy.

### I.     Factual and Procedural Background

This is a declaratory judgment action brought by Plaintiff Christopher J. Blincoe (hereinafter, "Plaintiff" or "Blincoe") challenging the validity of a *lis pendens*, and seeking to quiet title, with regard to a parcel of real property located at 1908 Duncanville Road in Dallas County, Texas (hereinafter, the "property"). On November 7, 2003, F. Earl Blincoe and Helen Blincoe Family, L.P. (hereinafter, "Defendant" or "FLP") filed suit against Christopher J. Blincoe in California state court seeking to recover an unpaid debt in excess of $640,000 (hereinafter, the "California Action"). *See* Def. Notice of Rem. at Exh. 3-A. In the California Action, FLP alleges breach of contract, default

---

[1] Plaintiff did not file a reply to Defendant's Response and Opposition to Plaintiff's Motion to Remand.

**Memorandum Opinion and Order – Page 1**

on an unsecured promissory note, and seeks the creation of a constructive trust against the property. On November 14, 2003, in connection with the California Action, FLP filed a *lis pendens* notice in Dallas County, Texas. *See id.* at Exh 1-B. The California Action is still pending. On January 27, 2005, Plaintiff filed this lawsuit in the 162nd Judicial District Court of Dallas County, Texas seeking: (i) a declaratory judgment that FLP's *lis pendens* is invalid; (ii) a declaratory judgment that FLP has no rights or interest in the property; (iii) a judgment cancelling the *lis pendens* notice and enjoining FLP from refiling a *lis pendens* notice; and (iv) attorney's fees and costs. *See id.* at Exh. A. On March 3, 2005, FLP removed the case to this court contending that the amount in controversy exceeds $75,000 and because there is complete diversity of citizenship. *See* Def. Notice of Removal at 2. On April 1, 2005, Plaintiff filed a Motion to Remand, arguing that the amount in controversy does not exceed $75,000.[2]

## II.   Analysis

### A.   Legal Standard

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and involves complete diversity of citizenship. 28 U.S.C. §§ 1331, 1332. In federal court, the burden of establishing subject matter jurisdiction rests on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S.

---

[2]As diversity of citizenship is not in dispute, the only question for the court is whether the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

**Memorandum Opinion and Order – Page 2**

865 (1995). For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Greenberg*, 134 F.3d at 1253; *De Aguilar*, 47 F.3d at 1408. In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1412. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (original emphasis). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.

In an action for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *see also St. Paul Reinsurance*, 134 F.3d at 1252-53 (quoting *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983)) ("The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.").

**Memorandum Opinion and Order – Page 3**

The Fifth Circuit for the most part adheres to a plaintiff-perspective point of view. *See St. Paul Reinsurance*, 134 F.3d at 1253; *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962) ("[t]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy."). When applying the plaintiff-perspective rule, the court, in determining whether the jurisdictional amount has been satisfied, does not consider the costs a defendant incurs in complying with declaratory or injunctive relief granted.

### B. "The Value of the Object of Litigation"

In support of his motion to remand, Plaintiff argues that FLP has failed to establish that the amount in controversy exceeds $75,000. In support, seeking to rely on the plaintiff-perspective rule, Plaintiff contends that the object of litigation in this case is the validity of the *lis pendens*, which he asserts has no dollar amount since he has no claim for money damages against FLP under Texas law. *See* Pl.'s Statement of the Case at 2.

In response to Plaintiff's argument, FLP contends that the object of litigation is not the amount of damages Plaintiff seeks against FLP, but the value of the right to declare that FLP has no interest in the property and to declare FLP's *lis pendens* notice invalid and subject to cancellation. *See* Def. Response at 4. According to Defendant, the amount in controversy in this declaratory judgment action is, therefore, the value of the property, which is well over $75,000.

"If suit is brought to quiet title to land or to a leasehold interest in land, and the cloud affects the entire title, then the value of the property or the leasehold interest the plaintiff seeks to protect is the measure of the amount in controversy." 14B C. Wright, A. Miller, & F. Cooper, Federal Practice and Procedure § 3702, at 85 (3d ed.1988) (citing *Smith v. Adams,* 130 U.S. 167, 175 (1889) ("Thus a suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which

**Memorandum Opinion and Order – Page 4**

their use and enjoyment by the owner are impaired, is brought within the cognizance of the court . . . only by the value of the property affected)); *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977) (in suit to try title, value of property is to be included in determining amount in controversy).

The amount in controversy in this case cannot be determined by looking solely at the complaint. As the amount of damages sought by Plaintiff cannot be thus determined, the court examines the pleadings and the evidence submitted by Defendant regarding the amount in controversy. The court determines that Defendant has met its burden of establishing, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.

In this suit for declaratory relief, Plaintiff seeks, *inter alia*, a declaratory judgment that FLP's *lis pendens* is invalid and that FLP has no rights or interest in the property. Under the applicable law (*see supra*), the object of the litigation in such an action is to be measured by the value of the property. Defendant has submitted evidence that the property has an appraised value of $576,290. *See* Def. Resp. at Exh. 3.[3] Because Defendant has shown by a preponderance of the evidence that the value of the property far exceeds $75,000, the court has subject matter over this action pursuant to 28 U.S.C. § 1332.[4] Accordingly, Plaintiff's Motion to Remand should be denied.

---

[3] In its response, Defendant asserts that the value of the property is the same as the amount it is seeking in the California Action, namely $646,621.88. *See* Def. Resp. at 5-6. The court has perused Defendant's exhibits and finds no evidence that the value of the property is that amount. Rather, Exhibit 3 reflects that the 2004 appraised value of the property is $576,290. *See* Def. Resp. at Exh. 3. Moreover, to the extent Defendant argues that the value of the object of litigation should be determined by the amount they seek in the California Action, the court need not address this argument, as it is undisputed that the value of the property satisfies the jurisdictional threshold.

[4] In this case, the value of the object of the litigation to Plaintiff and Defendant is identical, namely the value of declaring the *lis pendens* invalid. As already stated, in this type of declaratory judgment action, the value of the property determines the amount in controversy. *See supra* at 4. As the value of the object of the litigation is identical to Plaintiff and Defendant, the denial of Plaintiff's motion to remand does not contravene the plaintiff-perspective rule.

**Memorandum Opinion and Order – Page 5**

### III.   Conclusion

For the reasons stated herein, the court determines that the amount in controversy exceeds $75,000, exclusive or interest and costs. Accordingly, this court has subject matter jurisdiction, and Plaintiff's Motion to Remand is **denied**. Further, the court **denies as moot** Defendant's Suggestion of Bankruptcy and **directs** the clerk of court to file the July 27, 2005 letter from Marcus G. Mungioli to the court.[5]

**It is so ordered** this 5th day of August, 2005.

Sam A. Lindsay
United States District Judge

---

[5] On May 18, Defendant filed a Suggestion of Bankruptcy seeking a stay of this action. On May 20, 2005, the court issued a Clarification Order, directing Defendant to set forth the applicable sub-section of 11 U.S.C. § 362(a), along with case citations, to support its contention that the case should be stayed. The court is in receipt of a letter from counsel for Defendant to the court, dated July 27, 2005, stating that Defendant's Suggestion of Bankruptcy is now moot.

**Memorandum Opinion and Order – Page 6**